UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ANDREA L. WALLS,                :

    Plaintiff            :    CIVIL ACTION NO. 1:19-1564

  v.                          :         (JUDGE MANNION)

ANDREW SAUL, Commissioner       :
of Social Security,

                                   :

    Defendant

                                   :

**O R D E R**

Pending before the court is the report of Magistrate Judge Martin C. Carlson, which recommends that the decision of the Commissioner of Social Security denying the plaintiff's claim for Social Security Disability Insurance Benefits be affirmed and the plaintiff's appeal be denied. (Doc. 14). The plaintiff has filed objections to the report (Doc. 15) to which the Commissioner has responded (Doc. 16). Upon review, the report of Judge Carlson will be adopted in its entirety.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*,

the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The plaintiff has raised two objections to Judge Carlson's report. Initially, the plaintiff argues that the ALJ failed to properly evaluate her obesity. Moreover, the plaintiff argues that substantial evidence does not support the ALJ's physical residual functional capacity ("RFC") assessment. Both of these arguments were raised in the plaintiff's brief in support of her

appeal (Doc. 10, pp. 5-7 and pp. pp. 10-11, respectively) and addressed by Judge Carlson in his report (Doc. 14, pp. 27-30 and pp. 34-37, respectively).

Initially, applying the Third Circuit's analysis in <u>Rutherford v. Barnhart</u>, 399 F.3d 546 (3d Cir. 2005), Judge Carlson found that remand for consideration of the plaintiff's obesity was not required because the plaintiff did not rely on her obesity as an impairment when she filed for benefits; obesity was not mentioned in the plaintiff's testimony at her hearing even when the ALJ asked her if she had any other physical problems in addition to those already discussed; and the plaintiff has not provided any evidence to indicate that a greater consideration of her obesity by the ALJ would have changed the outcome of the decision. As a result, Judge Carlson recommends that remand to the ALJ on this basis is not appropriate. The court finds no clear error on the record with respect to this recommendation.

With respect to the ALJ's RFC assessment, considering the evidence of record and recognizing the deference afforded ALJs on the RFC determination, Judge Carlson found that there is sufficient evidence in the record to support the ALJ's RFC assessment. Specifically, Judge Carlson found the plaintiff's self-reported activities of daily living and the objective medical evidence of record contradicted the plaintiff's assertion that her medical conditions collectively eliminated her ability to work. Moreover,

Judge Carlson found the conservative and routine treatment approach in the plaintiff's medical records was inconsistent with the plaintiff's subjective complaints. The court has reviewed the evidence of record as a whole and finds no clear error of record with regard to Judge Carlson's findings on this issue either. Moreover, the court agrees with the sound reasoning that led Judge Carlson to the conclusions in his report. As such, the court will adopt the report and recommendation of Judge Carlson as the decision of the court.

In light of the foregoing, **IT IS HEREBY ORDERED THAT:**

**(1)** The plaintiff's objections to the report and recommendation of Judge Carlson **(Doc. 15)** are **OVERRULED**.

**(2)** The report and recommendation of Judge Carlson **(Doc. 14)** is **ADOPTED IN ITS ENTIRETY** as the ruling of the court.

**(3)** The plaintiff's appeal **(Doc. 1)** is **DENIED**.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 2, 2020**
19-1564-01